


**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

BRIAN FARABEE, No. 1002739,

Petitioner,

v.

HAROLD W. CLARKE, Director, Virginia Department of Corrections, and JAMES W. STEWART, III, Commissioner, Virginia Department of Behavioral Health and Developmental Services,

Respondents.

Case No.: 2:12-cv-76

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Brian Farabee's ("Farabee"), *pro se*, Petition for a Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2254. The Petition was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72. For the following reasons, the Court RECOMMENDS the Respondents' Motion to Dismiss be GRANTED and Farabee's Petition be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Farabee was convicted by a jury in the Sussex Count Circuit Court on October 15, 2003, of malicious wounding with the intent to maim, disfigure, or kill, and he was sentenced on March 17, 2004, to ten years in prison. The Court of Appeals of Virginia denied Farabee's appeal on December 17, 2004, and the Supreme Court of Virginia refused his appeal on June 1, 2005. Since 2003, and discounting the instant § 2254 Petition, Farabee has filed numerous *habeas* petitions in this Court, the Supreme Court of Virginia, and the Williamsburg/James City County Circuit Court,

which were all refused or dismissed. He also filed in the Supreme Court of Virginia a petition for a writ of *mandamus*, which was dismissed.

While in the custody of the Marion Correctional Treatment Center, Farabee filed the instant § 2254 Petition in which he requests the above conviction and sentence be vacated as void *ab initio* and unconstitutional because he was ordered to serve his sentence with the Virginia Department of Corrections after being found guilty of an offense he committed while in the custody of the Commissioner of the Virginia Department of Behavioral Health and Developmental Services. However, he was only held in that custody after being found not guilty by reason of insanity for arson, an offense he committed while confined in Eastern State Hospital. ECF No. 1 at 3-4; ECF No. 6 at 3. Farabee also claims ineffective assistance of counsel because his counsel did not "admit[] into the court evidence of [his] lengthy mental health history, hospitalizations." ECF No. 17 at 4. The Commonwealth of Virginia ("Commonwealth"), on behalf of the Respondents, filed a Rule 5 Answer, Motion to Dismiss, brief in support, and *Roseboro* notice on June 14, 2012. Farabee filed a brief in opposition, a Motion to Vacate Judgment and Sentence, and a Motion for Summary Judgment on July 2, 2012. The Commonwealth has not replied to Farabee's brief in opposition, nor has the Commonwealth responded to Farabee's two Motions, and the time to do so has lapsed. These Motions are, therefore, ripe for disposition.

## II. ANALYSIS

### A. Exhaustion

Before a state prisoner can file a § 2254 petition in federal court, he must first have exhausted his available state court remedies. 28 U.S.C. § 2254(b)-(c). In order to comply with the exhaustion requirement, a state prisoner must present "the same operative facts and the controlling legal principles" raised in the § 2254 petition to the Supreme Court of Virginia on direct appeal or

in a state *habeas* petition, *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (quotation marks and citations omitted), in order to give the Supreme Court "a full and fair opportunity to review state court proceedings," *Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143, 145 (4th Cir. 1990). The burden of proving whether a claim has been exhausted lies with the state prisoner. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (citations omitted). In this case, the Commonwealth concedes Farabee has exhausted his available state court remedies for claims concerning his confinement in the Virginia Department of Corrections but not his ineffective assistance of counsel claim. ECF No. 15, ¶ 13. The Court agrees in part.

In a *habeas* petition filed in the Supreme Court of Virginia on March 10, 2011, Farabee alleges various constitutional violations arising from his confinement in the Virginia Department of Corrections for one offense after initially being committed to the Commissioner of the Virginia Department of Behavioral Health and Developmental Services for a separate offense. *See id.*, attach. 1 at 42-49. The Supreme Court, however, dismissed the petition on April 28, 2011. Because the claims contained in the instant § 2254 Petition are, for the most part, the same ones the Supreme Court ultimately dismissed after being given a full and fair opportunity to review them, the Court FINDS Farabee has exhausted his available state court remedies for claims concerning his confinement in the Virginia Department of Corrections.

Conversely, the Commonwealth argues Farabee has not exhausted his available state court remedies for his ineffective assistance of counsel claim, *id.*, ¶ 13, but Farabee responds to the contrary that he "brought his ineffective counsel claim to the Virginia Supreme Court in a previous *habeas* proceeding," which was refused on January 6, 2006, ECF No. 17, ¶ 5. Despite these conflicting statements, neither party has filed the relevant state court record for the Court to

independently review.[1] The Court, therefore, accepts Farabee's representation[2] and FINDS he has exhausted his available state court remedies for his ineffective assistance of counsel claim.

**B. Statute of Limitations**

***1. Statutory Tolling***

*Habeas* petitions filed under § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from "the date on which the judgment became final by the conclusion of direct review." *Id.* § 2244(d)(1)(A). This period is tolled, however, during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. *Id.* § 2244(d)(2).

The Supreme Court of Virginia refused Farabee's direct appeal on June 1, 2005, and his conviction and sentence became final on this date under § 2244(d)(1)(A). The limitations period began to run on September 1, 2005, the day after the ninety days he had to file a petition for a writ of *certiorari* to the Supreme Court of the United States expired. *See* SUP. CT. R. 13(1); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("If no petition for a writ of *certiorari* is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so—90 days—has elapsed."). Farabee, however, maintains the limitations period did not begin to run until some future, unknown date when he discovered the factual predicate of his claims. ECF No. 17 at 2 ("Petitioner/movant exercised diligent effort to establish the factual basis of his claims, & despite that due diligence could not present said claims to the court in one year; wherefore, because movant exercised due diligence to establish the factual basis of his claims his claims are not time-barred.").

[1] The Commonwealth only filed Farabee's March 10, 2011, state *habeas* petition; it did not also file his August 15, 2005, petition.
[2] The Commonwealth had the opportunity to produce evidence to the contrary, which it did not do; in fact, the Commonwealth chose not to reply to Farabee's brief in opposition.

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Pursuant to this provision, the limitations period "commences when the factual predicate 'could have been discovered,' not when it was actually discovered by a given petitioner." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *see also Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004); *Carter v. Virginia*, No. 3:09cv121, 2010 WL 331758, at *3 (E.D. Va. Jan. 26, 2010). Furthermore, the relevant inquiry is "when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their [sic] legal significance." *McKinney v. Ray*, No. 3:07cv266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008).

Although Farabee invokes § 2244(d)(1)(D)'s factual predicate exception, which would delay the running of the limitations period, he is not entitled to the benefit of this exception because "the Court is faced with allegations that are conclusory and unsupported by any evidence." *Allen v. Hancock*, No. 1:11CV123-HSO-JMR, 2011 WL 7461993, at *2 (S.D. Miss. Nov. 9, 2011). Moreover, Farabee fails to "offer an explanation of why the factual predicate could not have been discovered earlier and steps, if any, that were taken to discover his claim," *id.*; rather, his assertions are threadbare, lacking support, and, notably, do not contain any dates by which the Court may then be able to calculate the applicable limitations period. Accordingly, the Court FINDS § 2244(d)(1)(A), not § 2244(d)(1)(D), applies here.

Because the limitations period began to run on September 1, 2005, the day after the ninety days Farabee had to file a petition for a writ of *certiorari* to the Supreme Court of the United States expired, his opportunity to file a timely § 2254 petition should have expired one year later on September 1, 2006. However, in calculating the limitations period, the Court excludes the time in

which a properly filed state collateral proceeding is pending,[3] *see* 28 U.S.C. § 2244(d)(2), such that the period between August 15, 2005,[4] when Farabee filed a *habeas* petition in the Supreme Court of Virginia, and January 6, 2006, when the petition was refused, tolled the limitations period under § 2244(d)(1)(A), *see id.* The limitations period ran again after January 6, 2006, until it was tolled on December 17, 2007, over eleven months later, when Farabee filed a second *habeas* petition in the Supreme Court. The limitations period remained tolled until May 27, 2008, when the second petition was refused.[5] By the time Farabee filed a third *habeas* petition in the Williamsburg and James City County Circuit Court on December 8, 2009,[6] the one-year statute of limitations had long since ended. Accordingly, the Court FINDS the instant § 2254 Petition is statutorily time barred.[7]

*2. Equitable Tolling*

Notwithstanding this finding, equitable tolling may apply in this case. As the Fourth Circuit has held:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would lose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

[3] For this reason, all § 2254 petitions Farabee filed in this Court cannot toll the limitations period. *Duncan v. Walker* 533 U.S. 167, 181-82 (2001) (federal *habeas* petitions do not toll the limitations period under 28 U.S.C. § 2244(d)(2)).

[4] The time between August 15 and September 1, 2005, is irrelevant as the limitations period did not begin to run until September 1, 2005.

[5] Because the Commonwealth did not file the Supreme Court of Virginia's order dismissing Farabee's second *habeas* petition, the Court takes no position on whether the petition was "properly filed" under 28 U.S.C. § 2244(d)(2) and proceeds on the assumption that it was.

[6] Although the Commonwealth attached its motion to dismiss and the Circuit Court's dismissal order to its brief in support, ECF No. 15, attach. 1, it did not attach the Petitioner's state trial court *habeas corpus* petition, nor do the pleadings indicate when the petition was filed. However, "[t]he [C]ourt has and properly can take judicial notice of th[is] state-court document[]," *United States v. Black*, 490 F. Supp. 2d 630, 640 n.3 (E.D.N.C. 2007) (citations omitted), and Virginia Courts Case Information System reveals the petition was filed December 8, 2009.

[7] Nothing in the record indicates § 2244(d)(1)(B)-(C) should be used to calculate the limitations period.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [Farabee's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris*, 209 F.3d at 330). "Accordingly, under [the Fourth Circuit's] 'extraordinary circumstances' test, [Farabee] is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246.

As an initial matter, Farabee does not claim the Respondents contributed to the delay in filing his § 2254 Petition. *See Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (applying equitable tolling where "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant") (citations omitted). In fact, the only reason Farabee offers as to why equitable tolling should apply here is that failure to address his claims "would result in a 'miscarriage of justice' & be violative of petitioner's right to due process of law." ECF No. 6 at 3. Such threadbare and conclusory assertions do not satisfy the "extraordinary circumstances" test under *Rouse*. If they did, then many *habeas* petitioners that are otherwise statutorily time barred may, nonetheless, find relief under the equitable tolling doctrine in contravention of the Fourth Circuit's declaration in *Harris* that the doctrine be rarely invoked. *See Harris*, 209 F.3d at 330.

Although Farabee may use his mental condition as basis for equitable tolling, *see* ECF No. 6 at 6 ("Thus, petitioner's legal status is [] that of an involuntarily committed insanity acquitted under

NGRI [not guilty by reason of insanity] status"), such an argument cannot succeed here. "As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity," such as when the petitioner is institutionalized or adjudged mentally incompetent. *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)). In order to demonstrate the applicability of equitable tolling, Farabee "must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely *habeas* petition." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (citations omitted) (unpublished). Therefore, a threadbare and conclusory assertion that a petitioner suffers from some mental impairment, "without more, is insufficient to justify equitable tolling." *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005). "Similarly, proof of an existing mental illness, or claims that a petitioner is taking psychiatric medication or is under psychiatric care will not automatically warrant equitable tolling." *Adams v. Watson*, No. 7:10-cv-00383, 2010 WL 4065426, at *1 (W.D. Va. Oct. 14, 2010).

In this case, Farabee has not alleged what profound mental incapacity has afflicted him and his ability to timely file his § 2254 Petition. Although he has previously been found not guilty of arson by reason of insanity, this adjudication was made over a decade ago, in 1999, and approximately twelve years before he filed his Petition. Farabee, moreover, was serving his sentence with the Virginia Department of Correction and was not institutionalized when the one-year statute of limitations commenced and ended. Furthermore, any claim that Farabee was so mentally incapacitated during the limitations period to file a § 2254 petition is contradicted by the numerous *habeas* petitions he has filed in this Court, the Supreme Court of Virginia, and the Williamsburg/James City County Circuit Court. In light of these facts and given the temporal space

between Farabee's 1999 adjudication and when the limitations period commenced and ended, Farabee is unable to make a threshold showing of incompetence and demonstrate that his alleged incompetence affected his ability to timely file his § 2254 Petition.[8] Accordingly, the Court FINDS equitable tolling does not apply here and, therefore, Farabee's § 2254 Petition is time barred.

## III. RECOMMENDATION

For the preceding reasons, the Court RECOMMENDS the Commonwealth's Motion to Dismiss, ECF No. 13, be GRANTED and Farabee's Petition for a Writ of *Habeas Corpus*, ECF Nos. 1, 6, be DENIED. Furthermore, because the Court has recommended the Petition be denied, the Court also RECOMMENDS Farabee's Motion to Vacate Judgment and Sentence, ECF No. 18, and Motion for Summary Judgment, ECF No. 19, be DENIED. The Court will not address the Commonwealth's arguments on the merits because it FINDS the claims presented in the Petition are barred by the statute of limitations.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Farabee is notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond

---

[8] Although not dispositive, the Court finds persuasive the fact that the Fourth Circuit has previously addressed Farabee's claim of mental incompetence in relation to an earlier § 2254 petition he had filed in this Court. The Fourth Circuit held:

> Farabee has not demonstrated that any mental illness actually caused his procedural defaults. Although Farabee points to facts suggesting that he suffered from mental illness at particular points after his conviction, those facts do not establish that his condition rendered him unable to exhaust his state court remedies during the appropriate periods.

*Farabee v. Johnson*, 129 F. App'x 799, 802 (4th Cir. 2005).

to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 19, 2013

**CLERK'S MAILING CERTIFICATE**

A copy of this Report and Recommendation was mailed on this date to the following:

Brian Farabee, #1002739
Marion Correctional Treatment Center
110 Wright Street
Marion, Virginia 24354-3145
*Pro Se*

Leah Ann Darron
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for the Respondent

Fernando Galindo
Clerk of the Court

By:

Deputy Clerk
February 19, 2013